Owen, C. J.
The contention of the plaintiff in er^or is, that the board of infirmary directors of the city of Cincinnati, does not come within the designation: “ other accounting officer of the corporation ” of Cincinnati, as employed in the statute under which the indictment was framed. What is an accounting officer in the sense in which that term is employed in the statute above cited ? Section 2690 of the Revised Statutes provides that:
“No claim against a municipal corporation shall be paid by the treasurer, except upon the warrant of the auditor, and in all municipal corporations where there is no auditor, on the warrant of the clerk; and all boards of trustees, directors or commissioners, having charge of the expenditure of city funds, shall certify claims against their respective departments to the auditor [in the city of Cincinnati, the comptroller] for payment, * * * * and it shall be the duty of the auditor, in addition to his other duties, to keep accurate and detailed *441 accounts of the receipts and expenditures of the city in all its departments, and for all purposes.”
It is maintained by the plaintiff in error, that this duty to keep accurate and detailed accounts, etc., constitutes the auditor (comptroller) peculiarly an accounting officer; and that the expression “ other accounting officer,” is employed to meet the case of an officer by another name or designation, who, by law, is charged with the keeping of themccounts of the receipts and expenditures of a city.
Our statutes fail to furnish an express definition of an accounting officer, or of his duties. Ye find much aid, however, in the solution of this question in the case of McKnight v. United States, 13 Court of Claims, 299, 305. It is there said, by Richardson, J.: “ The Revised Statutes require that ‘ all claims and demands whatever by the United States or against them, and all accounts whatever in which the United States are concerned, either as debtors or as creditors, shall be settled and adjusted in the department of the treasury.’ The principal officers to whom this great responsibility is committed are called ‘ accounting officers,’ consisting of six auditors, each acting separately upon different classes of accounts, etc.”
The functions of many of these officers are similar to those of the board of infirmary directors, as distinguished from those of the city auditor (or comptroller), and none of them is charged with the disbursement of money.
After speaking of the various duties of these officers, the judge says : “ These different processes in the settlement of claims and demands upon the government from their receipt by the auditor, through the several stages of examination, certification, and drawing of warrants for the payment, up to the time when the treasurer issues his drafts, are all matters of accounting, to justify the treasurer in paying out the public money,” etc.
In the case at bar, pursuing the usual course of proceeding under the statute, the board of infirmary directors had made its contract with Hauck for the roofing of an infirmary building. Hauck presented an apcpunt of labor and materials to the board for its approval. It was approved by the board, and an order *442 issued for its payment, directed to tbe comptroller, of the following tenor:
“Cincinnati, June 30, 1885.
“ City Comptroller: Pay to the order 'of Michael Hauck four hundred and ninety-nine and 40-100 dollars for improvement account — tin roofing.” Signed by the infirmary directors, and attested by the clerk. This was receipted for by Hauck, and is the only voucher or evidence of his claim which is required to be presented to the comptroller upon which he issues his warrant upon the treasurer. This is set forth here to illustrate the course of proceeding contemplated by the statutes. The comptroller is not required to look or inquire, back of the order of payment issued by the board, into the account or bill presented by the claimant to such board. As we have already seen, section 2690, of the Revised Statutes, provides that all directors “ or commissioners * * * having charge of the expenditure of city funds, shall certify claims against their respective departments to the auditor for payment.” Such a claim is supposed to have been audited and approved before its certification is presented to the auditor (or comptroller) for payment. This board, in considering and approving the accounts presented to it, is in the discharge, of functions similar to those of the auditors of the United States treasury — -which, ap we have seen, are designated “accounting officers” by the statutes of the United States.
It seems that at least some of the functions of accounting officers are vested in this board of infirmary directors. ¥c are not called upon, however to place our construction of the language “ other accounting officers ” solely upon the foregoing consideration.
It will be seen that the statute under which this indictment was framed, construed in the light of those provisions which relate to municipal infirmary directors, conclusively solves the question arising upon the words “ other accounting officer.”
There can be no question that the board of infirmary directors had ample power to bind the city by a contract for roofing the infirmary building, upon which the claim of the *443 plaintiff in error was founded. There can be no question that this board was charged with the expenditure of so much of the city funds as was necessary to discharge any legal obligation incurred by the making and performance of such contract, and that it had power'to certify to the comptroller the claim so incurred against its department for payment, and that upon such certification the comptroller was authorized to draw his warrant on the treasurer for the amount so audited and allowed. Revised Statutes: sections 2168, 2170, 2171, 2173, 2157, 2158, 2165, and 2690 (cited supra).
In other words, it is conceded in this case that this board had exclusive authority to “ allow ” the claim of the plaintiff in error. Only upon such allowance could the comptroller have been authorized to issue his warrant on the treasurer for the amount allowed.
• By section 7075 of the Revised Statutes, whoever knowingly presents a false and fraudulent claim to the auditor (comptroller) or other, accounting officer of a municipal corporation for the purpose of procuring the allowance of the same, is guilty of a crime.
It is the presenting a false and fraudulent claim (for the purpose of procuring its allowance) to some board or officer authorized to allow it, which constitutes the offense.
•It seems too. clear for serious discussion that the words other accounting officer” imply such an officer as may lawfully pass upon and allow a claim or account against a municipal corporation, upon the authority of which allowance the comptroller may issue his warrant upon the treasurer; and even if these words were not chosen with a view to their prior technical signification, the fact of their' employment in the connection in which we here find them, is sufficient in itself to enlarge or qualify the sense in which they had theretofore been used. Looking to the mischief which this statute was designed to remedy, the approved canons of construction permit us to construe it as if it provided that “ whoever knowingly presents a false or fraudulent claim against a municipal corporation to an officer thereof having power to allow it, for the purpose of *444 procuring the allowance of the same, shall be guilty of a crime,” etc.
When the false and fraudulent claim of the plaintiff in error was presented by him to this board for the purpose of procuring its allowance, the crime for which he was indicted was consummated.
There was no error in holding this indictment good. There are other assignments of error, all of which have been fully considered by the court, but none of them are lound to be well taken.

Judgment affirmed.